UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAYVON SCHAFFER | CIVIL ACTION |
| VERSUS | NO. 22-294 |
| RAYBURN CORRECTIONAL CENTER | SECTION "A"(4) |

# REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2)**.[1]

## I.   Factual and Procedural Background

Petitioner Jayvon Schaffer ("Schaffer") is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] On August 23, 2016, Schaffer was indicted by a Tangipahoa Parish Grand Jury for the second degree murders of Charleston Mitchell and Randy Bickham.[3]

According to the record, around 2:00 or 3:00 a.m. on June 2, 2016, Marquise Lightfoot asked Schaffer to join him in robbing "the weed man."[4] Schaffer knew Lightfoot had a gun and

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] ECF No. 1.

[3] St. Rec. Vol. 1 of 6, Indictment, 8/23/16.

[4] *Id*., Tangipahoa Parish Sheriff's Report No. 2-16021341, at 26-27, printed 8/31/16 (Schaffer's statement taken 6/8/16). During Schaffer's plea hearing, the State and defense counsel agreed that the reports and documents included in pre-hearing discovery formed the basis of the factual support for Schaffer's plea. St. Rec. Vol. 2 of 6, Guilty Plea Transcript, at 7-8, 3/11/19.

went with him to get into a truck being driven by victim Charleston Mitchell. The other victim,, Randy Bickham was in the front passenger seat. Schaffer sat in the backseat behind Mitchell, and Lightfoot was behind Bickham. As they drove along Oak Street and turned onto Haynes Lane in Hammond, Louisiana, Mitchell handed Lightfoot a bag of marijuana. After opening the bag and smelling the contents, Lightfoot announced that he had to go home to get his money. As Mitchell started to turn the car around to head back to Oak Street, Lightfoot pulled out his gun and shot Mitchell in the back of the head. Schaffer got out of the car and opened Mitchell's door to check the dead man's pockets for money. As he did, Lightfoot shot Bickham from behind. Schaffer and Lightfoot ran from the scene. Lightfoot later was apparently killed in another altercation while these murders were being investigated.[5]

On March 11, 2019, Schaffer, pursuant to a plea agreement, entered a no contest plea to amended charges of two counts of manslaughter and the state trial court imposed concurrent sentences of 30 years in prison at hard labor on each count.[6] Schaffer's conviction became final thirty (30) days later, on April 10, 2019, because he did not seek reconsideration of the sentence or leave to appeal. La. Code Crim. P. art. 914;[7] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)

---

[5] St. Rec. Vol. 1 of 6, Tangipahoa Parish Sheriff's Report No. 2-16021341, at 28, 33, printed 8/31/16
[6] St. Rec. Vol. 1 of 6, Amended Indictment, 3/11/19; St. Rec. Vol. 3 of 6, Minute Entry, 3/11/19; St. Rec. Vol. 2 of 6, Guilty Plea Transcript, at 2, 6-7, 16, 3/11/19.
[7] Under Louisiana law, a plea of nolo contendere, or no contest, has the same legal effect in a criminal proceeding as a plea of guilty. *State v. Peters*, 546 So. 2d 829 (La. App. 1st Cir. 1989), *writ denied*, 552 So. 2d 378 (La. 1989). Similarly, under federal law, the law relating to guilty pleas applies to pleas of nolo contendere. *Matthew v. Johnson*, 201 F.3d 353, 360 n.9 (5th Cir. 2000) (citing *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990)). Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So. 2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). A defendant's failure to move timely for appeal under Art. 914 renders the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985).

("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003)).

More than one year later, on April 24, 2020, Schaffer filed a motion seeking copies of documents produced in discovery and his plea hearing transcript.[8] The state trial court granted the request on April 27, 2020, and the discovery packet was mailed to Schaffer the next day. The record reflects that Schaffer had already been provided a discovery packet through his counsel in October of 2018.[9] Nevertheless, after its preparation, a copy of the plea transcript was forwarded to Schaffer on May 27, 2020.[10] Schaffer continued to submit requests for and receive copies of various documents from the clerk of the state court through 2022.[11]

In the meantime, on March 8, 2021, Schaffer signed and submitted an application for post-conviction relief to the state trial court in which he asserted that his guilty plea violated due process because he did not intelligently or voluntarily waive the privilege against self-incrimination at trial.[12] The state trial court denied the application on March 11, 2021, pursuant to La. Code Crim. P. art. 929.[13]

---

[8] St. Rec. Vol. 2 of 6, Motion for Production of Documents, 4/24/20.
[9] *Id*., Trial Court Order, 4/27/20; *id*., Letter to Schaffer, 4/28/20; St. Rec. Vol. 3 of 6, *Pro Se* Motion for Discovery, 10/19/18; *id*., Trial Court Order, 10/19/19.
[10] *Id*., Letter to Schaffer, 5/27/20; *id*., Transcript Request Form; 5/5/20; *id*., Guilty Plea Transcript, 3/11/19 (filed in the record on 5/27/20).
[11] *Id*., Letter to Clerk, 7/13/20 (minute entries); St. Rec. Vol. 3 of 6, Letter to Schaffer, 7/16/20 (minute entries); *id*., Letter to Clerk, 10/26/20 (minute entries); *id*., Letter to Schaffer, 10/27/20 (minute entries); *id*., Letter to Clerk, 2/11/21 (dated 2/8/21, indictment); *id*., Letter to Clerk, 12/6/21 (dated 11/30/21, summary); *id*., Letter to Schaffer, 1/7/22 (summary).
[12] *Id*., Application for Post-Conviction Relief, 3/10/21 (dated 3/8/21); *id*., Memorandum in Support, at 2, 3/10/21.
[13] *Id*., Trial Court Order, 3/11/21. Art. 929 provides in relevant part as follows: "A. If the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court, the court may grant or deny relief without further proceedings."

On June 7, 2021, the Louisiana First Circuit denied Schaffer's writ application finding no error in the state trial court's summary dismissal, because Schaffer waived his rights, including the privilege against compulsory self-incrimination, *i.e.* the right to remain silent at trial, during the plea hearing, citing La. Code Crim. P. art. 556.1 and *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).[14]

On November 10, 2021, the Louisiana Supreme Court also denied Schaffer's related writ application finding that he failed to meet his burden of proof under La. Code Crim. P. art. 930.2.[15]

## II.  Federal Petition

On February 8, 2022, the clerk of this Court filed Schaffer's federal petition for habeas corpus relief in which he claims that his guilty plea was in violation of due process because he did not intelligently or voluntarily waive his privilege against compulsory self-incrimination.[16]

The State filed an answer and opposition in response to Schaffer's petition asserting that the petition was not timely filed, and alternatively, his claim lacks merit.[17]

In his traverse to the State's opposition, Schaffer contends that his petition should be considered timely because he timely pursued his state post-conviction relief and did so without assistance of counsel.[18]  He also re-asserts his arguments regarding voluntariness of his plea.[19]

---

[14] *State v. Schaffer*, No. 2021-KW-0388, 2021 WL 2310428, at *1 (La. App. 1st Cir. Jun. 7, 2021); St. Rec. Vol. 3 of 6, 1st Cir. Order, 2021-KW-0388, 6/7/21; St. Rec. Vol. 6 of 6, 1st Cir. Writ Application (copy dated 4/6/21).
[15] *State v. Schaffer*, 326 So. 3d 1225 (La. 2021); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2021-KH-01110, 11/10/21; *id.*, La. S. Ct. Writ Application, 21-KH-1110, 7/28/21 (dated 6/30/21).
[16] ECF No. 1, at 3; ECF No. 1-1, at 4.
[17] ECF No. 16.
[18] ECF No. 6, at 2-3.
[19] *Id*. at 3-4.

4

### III. <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[20] applies to Schaffer's petition, which is deemed filed in this Court under the mailbox rule on January 19, 2022.[21] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record shows that Schaffer's federal petition was not timely filed under the AEDPA. For the following reasons, his petition should be dismissed as time-barred.

### IV. <u>Statute of Limitations</u>

The AEDPA codified in 28 U.S.C. § 2244(d)(1)(A) requires a petitioner to bring his § 2254 claim within one year of the date the state court conviction became final.[22] *Duncan v. Walker*, 533

---

[20] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[21] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Schaffer dates his signature on the form petition on January 19, 2022, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court. The Court also notes that the Pitney Bowes stamp is metered in February 2022. ECF No. 1, at 7.

[22] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
  A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

U.S. 167, 176-80 (2001). As stated above, Schaffer's conviction was final under federal law on April 10, 2019, which was thirty days after he entered his plea and was sentenced and did not seek appellate review. Pursuant to § 2244, Schaffer had one year from that date, or until April 10, 2020, to timely file a federal petition for habeas corpus relief, which he did not do. Thus, literal application of the statute would bar Schaffer's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A. **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state court pleadings. *Causey v.*

---

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

*Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review").

In addition, efforts like those made by Schaffer to obtain copies of documents and transcripts do *not* constitute other collateral review for purposes of the AEDPA tolling calculation. *See Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v.*

7

*Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, No. 01-CV-0115, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In Schaffer's case, the AEDPA filing period began to run on April 11, 2019, the day after his conviction was final under federal law. The period continued to run without interruption for one year, until April 10, 2020, when it expired. Schaffer had no properly filed state post-conviction or other collateral review pending during that time period. Schaffer admittedly did not file for post-conviction relief until he submitted his state court application on March 8, 2021. Thus, Schaffer allowed another almost 11 months to pass after the expiration of the AEDPA limitations period expired before he filed a state application for post-conviction relief. He also waited another 69 days after ending state post-conviction relief before he submitted this federal petition.

Nevertheless, it is well-settled that a pleading filed after expiration of the AEDPA one-year filing period provides a petitioner no tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") The filing of a state petition after the AEDPA filing period has expired also does *not* restart the AEDPA time-clock. *See Scott*, 227 F.3d at 263 (a filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015) (same).

Therefore, Schaffer's federal petition, filed under the mailbox rule on January 19, 2022, was filed more than one-year and nine-months after the AEDPA filing period expired on April 10,

2020. Schaffer's untimely federal petition should be dismissed with prejudice unless he meets another exception or excuse to the running of the AEDPA limitations period.

B.     **No Equitable Tolling**

The post-AEDPA jurisprudence also provides for equitable tolling of the AEDPA limitations period where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). However, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's

seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period). A habeas petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Schaffer has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling provided for in the foregoing precedent. In his traverse, Schaffer suggests that his timely pursuit of state post-conviction review within the two years allowed under Louisiana law should favorably effect this court's determination of timeliness. Schaffer's request is mistaken. However, the United States Fifth Circuit has made clear that the operative date for limitations purposes is when the state conviction becomes final upon completion of state appellate review, *not* upon the completion of the state post-conviction process. *See Flanagan*, 154 F.3d at 199 n.1.

Furthermore, although the filing period under the AEDPA is shorter than that under state law, the Supreme Court has not recognized any unconstitutional conflict between the federal provision and any state law procedures. In addition, any such conflict would not render the AEDPA unconstitutional and would not provide a basis for habeas corpus relief or equitable tolling. *See, generally, Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ellis v. Martin*, 202 F.3d 281, 1999 WL 1101241 at *3 (10th Cir. Dec. 6, 1999). Moreover, the AEDPA itself provides for

resolution of any alleged conflict between state and federal post-conviction deadlines through its statutory tolling provisions. *See* 28 U.S.C. § 2244(d)(2).

For these reasons, Schaffer simply is not entitled to equitable tolling, and his petition should be dismissed as untimely filed.

### C. No Other Excuse or Exception to this Time Bar

Schaffer has failed to demonstrate any other excuse or exception to avoid the expiration of the one-year AEDPA limitations period in this case, and his petition must be dismissed as untimely. For example, Schaffer has not alleged, asserted, nor provided a credible showing of his actual, or factual, innocence based on newly discovered evidence in any way to excuse this untimely filed federal habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324). No such claim or high-level of proof has been offered to this Court, nor has any such claim been established or exhausted in the state courts.

In addition, the fact that Schaffer has alleged he was without counsel on post-conviction review also does not provide an exception to his untimely federal filing. The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), and their progeny, simply do *not* provide a basis for review of an untimely filed federal petition. In *Martinez*, the Court held that a *state court imposed* "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17).

In this case, the record is clear that the state courts reviewed Schaffer's claims on the merit and did not bar review of his claims, or have any claim of ineffective assistance before them, to

11

trigger any concern or relief available under either *Martinez* or *Trevino*. The untimeliness of his federal petition is not based on a state imposed bar to review.

Instead, the time-bar at issue in this federal court arises from Schaffer's failure to meet the *federal* limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do *not* address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x at 813; *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* excuse the untimely filing of Schaffer's federal petition.

Schaffer's federal petition deemed filed on January 19, 2022, was not timely filed within the one-year AEDPA statute of limitations period which expired on April 10, 2020. There is no statutory tolling, equitable tolling, or other exception applicable to or that would excuse his untimely filing. Schaffer's petition was not timely filed and should be dismissed for that reason.[23]

---

[23] In the alternative, if a reviewing court determines a basis to excuse the untimeliness and consider Schaffer's claim, there is no doubt that relief must be denied. The validity of a guilty plea is a question of law, although historical facts are entitled to a presumption of correctness. *See Parke v. Raley*, 506 U.S. 20, 35 (1992) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983)); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)); *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1988). A federal habeas court must determine if the state courts' denial of relief was contrary to, or an unreasonable application of, federal law.

A defendant generally may not "collaterally attack a voluntary and intelligent" plea. *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991). "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000) (citing *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)). "If a defendant understands the charges against him, understands the consequences of [the] plea, and voluntarily chooses to plead . . . without being coerced to do so," the plea is considered voluntary and knowing. *Frank*

V.     **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Schaffer's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this 6th day of July, 2022.

_____
KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

*v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). Louisiana law follows the equivalent directives in its requirements under the provisions of La. Code Crim. P. art. 556.1 regarding notice and waiver during felony guilty pleas. Thus, Schaffer's guilty plea is constitutionally valid if he understood the nature of the charges against him, the constitutional protections being waived, and the sentence he faced. *See James*, 56 F.3d at 666 (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

The record in this case reflects that, in accord with state law and *Boykin*, the state trial court informed Schaffer of and defined the charges to which he was pleading and the sentence exposure he faced. St. Rec. Vol. 2 of 6, Guilty Plea Transcript, at 4-5, 6-7, 3/11/19. The court informed Shaffer of and explained each of the rights being waived by his plea of no contest, including the right against self-incrimination at trial: "You have the right to remain silent, no one can force you to *testify* against yourself or to incriminate yourself in anyway . . ." (emphasis added) *Id*. at 6. Schaffer indicated that he understood his rights and that he was waiving those rights and the right to trial by entering his plea. *Id*. He also agreed that he had was not forced, threatened, or coerced to enter the guilty plea. *Id*. at 7. The record does not reflect that the state courts' denial of relief on this claim was contrary to or an unreasonable application of federal law, including *Boykin*. Thus, if this petition is deemed timely, Schaffer is not entitled to relief. The alternative recommendation would therefore be that the petition be denied and dismissed with prejudice on these grounds.

[24]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.